IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JOAN DOE**                                                                                            **PLAINTIFF**

v.                                        No. 5:21-cv-05231-PKH

**UNIVERSITY OF ARKANSAS - FAYETTEVILLE**                       **DEFENDANT**

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

**I.**     **Introduction**

The Plaintiff is a third-year law student at the University of Arkansas School of Law who, in November 2021, received a suspension for violations of campus conduct rules that is scheduled to end May 16, 2022. Although the regular Spring semester is scheduled to begin January 18, 2022, the Plaintiff waited until December 23, 2021, which was the day before the campus closed for the winter holidays, to file this action to enjoin her suspension. The docket sheet identifies the "University of Arkansas - Fayetteville" as the Defendant. The Plaintiff's complaint, however, identifies "DEFENDANT OF ARKANSAS, Fayetteville, et. al." as the Defendant. **Doc. 1 (Complaint) at 1 (capitalization in original)**.

The entire complaint should be dismissed for two reasons. First, even if the Plaintiff had named the "University of Arkansas - Fayetteville" as the Defendant, the "University of Arkansas - Fayetteville" lacks the capacity to be sued. Second, service of process is insufficient because the Plaintiff has not served the chief executive officer of the University of Arkansas or a person designated or authorized to receive service of the lawsuit. In addition, the Plaintiff's state-law claims should be dismissed because they are barred by sovereign immunity; Count II should be dismissed for failure to state a claim because there is no private right of action under the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g; and the Plaintiff's claims under

1

the federal Administrative Procedure Act, 5 U.S.C. § 551 *et. seq.*, and under the Arkansas Administrative Procedure Act, Ark. Code Ann. § 25-15-201 *et seq.*, should be dismissed for failure to state a claim because the Acts do not apply to state institutions of higher education.

**II.    The Plaintiff's complaint should be dismissed because "The University of Arkansas - Fayetteville[,]" lacks capacity to be sued.**

The University of Arkansas is an instrumentality of the State of Arkansas. *See, e.g.*, *State of Ark. v. State of Tex.*, 346 U.S. 368, 370 (1953); *Bunch v. Univ. of Arkansas Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017); *Okruhlik v. Univ. of Arkansas ex rel. May*, 255 F.3d 615, 622 (8th Cir. 2001). Indeed, it is a public institution of higher education created, organized, funded, and governed by and under the laws and Constitution of the State of Arkansas. Ark. Const., amend. 33; Ark. Code Ann. §§ 6-64-101 to -1103. Under Arkansas Code Annotated § 6-64-202,

> The Board of Trustees of the University of Arkansas is made a body politic and corporate and shall have all the powers of a corporate body, subject to the Arkansas Constitution and laws of the State of Arkansas, and the board possesses all the power and authority possessed by the board of trustees of the university under laws existing on March 30, 1887.

The Plaintiff, however, has not sued the Board of Trustees. Rather, the Plaintiff has named the "DEFENDANT OF ARKANSAS, Fayetteville, et. al." as the Defendant. **Doc. 1 (Complaint) at 1** (capitalization in original). Unlike the complaint, the docket sheet identifies the "University of Arkansas - Fayetteville" as the Defendant. But the "University of Arkansas - Fayetteville[,]" is a campus of the University of Arkansas, not a corporate body. "The University of Arkansas - Fayetteville" thus lacks the capacity to be sued under Arkansas law. *See* Fed. R. Civ. P. 17(b)(3) (stating that capacity to be sued is governed by state law); *Univ. of Arkansas for Med. Scis. v. Adams*, 354 Ark. 21, 24, 117 S.W.3d 588, 590 (2003) (holding that, under Arkansas

law, the University of Arkansas for Medical Sciences "is merely a department of the University of Arkansas and, as such, is not an entity that can sue or be sued."). In addition, in *McCullough v. UAMS*, the Eighth Circuit likewise held that the University of Arkansas for Medical Sciences is not a corporate body and is therefore ineligible for suit. *Id.*, 559 F.3d 855, 860 n.2 (8th Cir. 2009); *see also Assaad-Faltas v. UAMS*, 708 F. Supp. 1026, 1029 (E.D. Ark. 1989), *aff'd* 902 F.2d 1572 (8th Cir. 1990), *cert denied*, 498 U.S. 905 (1990). As a result, the Plaintiff's complaint should be dismissed. *See* Fed. R. Civ. P. 12(b)(6).

**III.    The Plaintiff's complaint should be dismissed for insufficient service of process.**

Federal Rule of Civil Procedure 4 governs service of process. Subsection (j) states, in relevant part:

> **(2) *State or Local Government.*** A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).

As discussed in the preceding section, the Board of Trustees of the University of Arkansas is a state-created governmental organization that is, subject to certain exceptions such as sovereign immunity, susceptible to suit. Accordingly, under Subsection (2)(A), the question is whether the Plaintiff delivered a copy of the summons and of the complaint to the University's chief executive officer. *See* Fed. R. Civ. P. 4(j)(2)(A). The CEO of the University of Arkansas is Dr. Donald R. Bobbitt. **Doc. 11-1 (Declaration of Kim Harriman) at 1**. The Plaintiff did not

deliver a copy of the summons and the complaint to him. **Doc. 7 (Affidavit of Service)**. The Plaintiff has therefore not complied with Subsection (2)(A).

Because the Plaintiff did not serve Dr. Bobbitt and thus did not comply with Subsection (2)(A), the question is whether she complied with Subsection (2)(B) by serving a copy of the summons and the complaint in the manner prescribed by Arkansas law for serving process on the State of Arkansas or a "state-created governmental organization that is subject to suit." Fed. R. Civ. P. 4(j)(2)(B). Arkansas Rule of Civil Procedure 4 prescribes the manner for such service of process. The rule states, in pertinent part:

> **(f) Personal Service Inside the State.** Service of process shall be made inside the state as follows:
>
> \* \* \*
>
> (12) *States and State Agencies.* Service on a state or any of its agencies, departments, boards, or commissions subject to suit shall be on the chief executive officer, director, or chairman, any other person designated by appointment or by an applicable statute to receive service of process, or on the Attorney General of the state if service is accompanied by an affidavit of a party or the party's attorney that the officer or designated person is unknown or cannot be located.

Ark. R. Civ. P. 4(f)(12). Again, the Plaintiff did not deliver process to Dr. Bobbitt. The Plaintiff instead sent a copy of the summons and the complaint by U.S. Mail addressed to three members of the University of Arkansas's Office of the General Counsel. **Doc. 7 (Affidavit of Service) at 3.** One of those persons, Kim Harriman, received delivery of the sealed envelope that contained the summons and the complaint and signed the return receipt. **Doc. 11-1 (Declaration of Kim Harriman) at 1; see Doc. 7 (Affidavit of Service) at 3.** Ms. Harriman, however, had not been designated or authorized to receive service of the summons or the complaint. **Doc. 11-1**

**(Declaration of Kim Harriman) at 1.** Accordingly, the Plaintiff failed to comply with Subsection (2)(B).

Because the Plaintiff failed to comply with either Subsection (2)(A) or (2)(B) of Rule 4(j), her compliant should be dismissed under Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

IV. **Sovereign immunity bars the Plaintiff's state-law claims.**

In Count V, the Plaintiff asserts violations of Arkansas statutory and common law concerning contracts. **Doc. 1 (Complaint) at ¶ 84.** In Count VI, the Plaintiff alleges violations of various provisions of the Arkansas Administrative Procedure Act, Ark. Code Ann. § 25-15-201 *et seq.*, and of the federal Administrative Procedure Act, 5 U.S.C. § 551 *et. seq*. **Doc. 1 (Complaint) at ¶¶ 91-106.** In Count VII, the Plaintiff alleges additional violations of the Arkansas APA. **Doc. 1 (Complaint) at ¶¶ 107-109.**

Sovereign immunity bars state-law claims brought in federal court against non-consenting state defendants. *See, e.g.*, *Raygor v. Regents of Univ. of Minnesota*, 534 U.S. 533, 540-41 (2002); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120-21 (1984); *see also, Liscomb v. Boyce*, 954 F.3d 1151, 1156 (8th Cir. 2020) (Arkansas Civil Rights Act claim barred by sovereign immunity); *Montin v. Moore*, 846 F.3d 289, 293 (8th Cir. 2017) (state-law malpractice claim barred by sovereign immunity). Likewise, citing *Pennhurst*, this Court has held that "the Eleventh Amendment prohibits a federal court from granting relief against state officials for conduct that violates only state law." *Parsons v. Burns*, 846 F. Supp. 1372, 1377 (W.D. Ark. 1993). Sovereign immunity bars state-law claims even where, as here, the Plaintiff requests injunctive relief, not damages. "[I]t is difficult to think of a greater intrusion on state

sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst*, 465 U.S. at 106.

The Plaintiff's assertion in paragraph 5 of her complaint that sovereign immunity has been waived is incorrect. Neither the University of Arkansas nor the Board of Trustees waived its immunity when *Congress* enacted the *federal* Administrative Procedure Act. Congress does not speak for the University or the Board. And nothing in the Arkansas Supreme Court's decisions in *Monsanto Co. v. Arkansas State Plant Bd.*, 2019 Ark. 194, 576 S.W.3d 8 (2019), or *Arkansas Game & Fish Comm'n v. Heslep*, 2019 Ark. 226, 577 S.W.3d 1 (2019), suggests that the University or the Board has waived sovereign immunity or that any instrumentality of the State of Arkansas has waived sovereign immunity from suit in federal court. A state instrumentality's waiver from suit in that state's courts is "simply insufficient to waive its Eleventh Amendment immunity" from suit in federal court. *Cooper v. St. Cloud State Univ.*, 226 F.3d 964, 969 (8th Cir. 2000).

For these reasons, sovereign immunity bars the Plaintiff's state-law claims and Count V, the parts of Count VI that allege state-law claims, and Count VII should be dismissed.

**V.  Count II fails to state a claim because there is no private right of action under FERPA.**

In Count II, the Plaintiff alleges violation of the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g. **Doc. 1 (Complaint) at ¶ 39.** FERPA "prohibit[s] the federal funding of educational institutions that have a policy or practice of releasing education records to unauthorized persons." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 276 (2002). FERPA, however, does not contain private rights that an individual may enforce by filing suit against an educational institution. *Id*. at 290. Indeed, the Plaintiff concedes that "FERPA provides no private right of action for aggrieved students whose privacy is breached by a covered institution." **Doc. 1**

6

**(Complaint) at ¶ 42.** Accordingly, Count II should be dismissed for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

VI.  **The Plaintiff fails to state a claim for violation of the federal Administrative Procedure Act.**

In Count VI, the Plaintiff alleges violation of parts of the federal Administrative Procedure Act, 5 U.S.C. §§ 551 *et. seq*. The federal APA requires an "agency" to follow certain procedures when creating and promulgating regulations. *See, e.g.,* 5 U.S.C. § 553(c) ("After notice required by this section, the agency shall give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments with or without opportunity for oral presentation."). The federal APA defines "agency" to mean "each authority of the Government of the United States . . . ," 5 U.S.C. § 551(1), not state institutions of higher education. Accordingly, the federal APA does not apply to the University and all allegations that the University violated the Act should be dismissed for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

VII.  **The Plaintiff fails to state a claim for violation of the Arkansas Administrative Procedure Act.**

The University of Arkansas is not a board, commission, department, officer, or "authority" of the state government that is subject to the Arkansas APA. *See* Ark. Code Ann. § 25-15-202(2)(A). The University is, instead, a public institution of higher education—a distinct type of state entity that does not appear within the statutory list of entities that are subject to the Arkansas APA.[1] In fact, when the General Assembly wants to include state-supported

---

[1] The General Assembly has repeatedly recognized that state-supported institutions of higher education are a distinct type of entity. *See, e.g.*, Ark. Code Ann. § 14-144-315 (Research and Park Authority Act) (listing "accredited **institutions of higher education**" and "state agenc[ies]" as separate types of entities) (emphasis added); Ark. Code Ann. § 19-4-1416(a)(2)(A) (Job order contracting) (separately referring to "state agenc[ies]" and

7

institutions of higher education within the scope of a statute that regulates other types of state entities, it does so explicitly.[2] These statutes confirm that the General Assembly's omission of

---

"**institution[s] of higher education**") (emphasis added); Ark. Code Ann. § 21-1-105(a) (Employee Benefit Programs) ("Each state agency, board, commission, **and institution of higher education** shall develop an informational program explaining the various fringe benefit programs that are provided for employees or in which employees may participate.") (emphasis added); Ark. Code Ann. § 22-3-2004 (Sustainable Energy-Efficient Buildings Programs) (referring to "public agencies" and "**institutions of higher education**" as different types of entities) (emphasis added); Ark. Code Ann. § 21-3-302(c) (Veterans Preferences) (differentiating "state agencies" from "**institutions of higher education**," both of which must provide veterans preferences) (emphasis added); Ark. Code Ann. § 21-3-101(a) (Equal employment hiring program) (including "**institution[s] of higher education**" as a separate type of entity within a series that also includes stage agencies, boards, commissions, and constitutional officers) (emphasis added).

[2] *See, e.g.*, Ark. Code Ann. § 10-3-315(a) (Legislative Council) ("For purposes of this section, 'state agency' means every department, division, office, board, commission, and institution of this state, **including state-supported institutions of higher education**.") (emphasis added); Ark. Code Ann. § 15-4-3803 (Local Food, Farms, and Jobs Act) (The word "agency" in the statute includes an "**institution of higher education**," in addition to a "state agency or other entity of the state") (emphasis added); Ark. Code Ann. § 15-4-303(1)(7) (Minority and Women-Owned Business Economic Development Act) ("'State agency' means a department, an office, a board, a commission, or an institution of this state, **including a state-supported institution of higher education.**") (emphasis added); Ark. Code Ann. § 19-10-212(a)(1) (Claims against the State – Reports of state agency liability) ("As used in this section, 'state agency' means a department, office, board, commission, or institution of this state, **including a state-supported institution of higher education.**") (emphasis added); Ark. Code Ann. § 19-2-303(5) (Accounts and notes receivable abatement) ("'State agency' means a state agency, board, authority, commission, department, **or institution of higher education** created by or receiving an appropriation by the General Assembly") (emphasis added); Ark. Code Ann. § 21-4-203(14) (Uniform Attendance and Leave Policy Act) ("'State agencies' means all agencies, departments, boards, commissions, bureaus, councils, **state-supported institutions of higher education**, or other agencies . . . .") (emphasis added); Ark. Code Ann. § 21-4-216(a)(4) (Leave for participation in children's educational activities) ("'State agency' means an agency, a bureau, a board, or a commission of any branch of state government **and all state-supported institutions of higher education.**") (emphasis added); Ark. Code Ann. § 22-2-1803(15) (Arkansas Energy and Natural Resource Conservation Act) ("'State agency' means all departments, offices, boards, commissions, and institutions of the state, **including the state-supported institutions of higher education**.") (emphasis added); Ark. Code Ann. § 22-8-203(5) (Automobile and Pickup Truck Acquisition) ("'State agency' means a state agency, board, commission, department, **or institution of higher education** which derives any financial support from the fund accounts enumerated in [one of several statutes in a list].") (emphasis added); Ark. Code Ann. § 25-1-118(a)(2) (Electronic filing of reports) ("'State agency' means every department, division, office, board, commission, and institution of this state, **including state-**

8

the word "institution of higher education" in the Arkansas APA was intentional. The Court should not graft the omitted term into the Arkansas APA's statutory list. *See MacSteel Div. of Quanex v. Arkansas Oklahoma Gas Corp.*, 363 Ark. 22, 30, 210 S.W.3d 878, 883 (2005) ("This court will not read into a statute a provision that simply was not included by the General Assembly.").

Moreover, state-supported institutions are not "authorities" that are required by law to issue "orders" after undertaking "adjudications." There is no provision in the Arkansas Code that requires state-supported institutions of higher education to regulate industries, exercise authority over professional licensees and trades, set utility rates, or issue other types of "orders" that have the force of law after providing notice and an opportunity to be heard. Therefore, applying the Arkansas APA to state-supported institutions of higher education would be nonsensical given the Arkansas APA's definition of "adjudication." *See* Ark. Code Ann. § 25-15-202 (1)(A) ("Adjudication" means an agency process for the formulation of an order.")

Unsurprisingly, no appellate judge or attorney general in Arkansas has ever concluded that the decisions of a university administrator or a board of trustees of a public institution of

---

**supported institutions of higher education**") (emphasis added); Ark. Code Ann. § 25-1-206 (Reduction of Publications) ("As used in this subchapter, 'state agency' means an agency, authority, board, bureau, commission, department, office, or officer of the state receiving an appropriation by the General Assembly, **including without limitation a state-supported institution of higher education.**") (emphasis added); Ark. Code Ann. § 25-34-103(1) (Arkansas Computer and Electronic Solid Waste Management Act) ("'Agency' means every department, division, office, board, commission, and institution of this state, **including state-supported institutions of higher education**.") (emphasis added). *Cf.* Ark. Const. art. 19, § 30(b)(2)(B)(xi)(b) (Gifts from lobbyists) ("'State agency' means every department, division, office, board, commission, and institution of this state, **including state-supported institutions of higher education**.") (emphasis added); Ark. Code Ann. § 21-4-215(a)(7) (Leave for bone marrow or organ donation) ("'State employee' means a full-time employee of the State of Arkansas or any branch, department, board, bureau, commission, **or state-supported institution of higher education**") (emphasis added).

9

higher education are subject to the Arkansas APA. *See* Ark. Op. Att'y Gen. No. 83-50 (Feb. 16, 1983) ("This office is unaware of any requirement that the programs and services offered by the University of Arkansas, whether legislatively mandated or an internally developed program, must adopt rules and regulations in compliance with the Administrative Procedure Act."); *Smith v. Denton*, 320 Ark. 253, 258, 895 S.W.2d 550, 553 (1995) (observing that, with regard to a student's lawsuit over the University of Central Arkansas's student-misconduct proceedings, "the Administrative Procedure Act is not applicable to this case").

Because the University is not subject to the Arkansas APA, the Plaintiff has failed to state a claim under the Act.

## VIII.  Conclusion

The Plaintiff's entire complaint should be dismissed because the "University of Arkansas – Fayetteville" lacks the capacity to be sued and because there is insufficient service of process. The Plaintiff's state-law claims should be dismissed because they are barred by sovereign immunity. And the Plaintiff's FERPA, federal APA claims, and state APA claims should be dismissed because they fail to state a claim.

Respectfully submitted,

University of Arkansas Office
of the General Counsel

By:   /s/ C. Joseph Cordi, Jr.
Arkansas Bar No. 91225
Associate General Counsel
University of Arkansas
416 Administration Building
Fayetteville, AR 72701
Telephone: (479) 575-5401
Facsimile: (479) 575-5046
joecordi@uark.edu

Counsel for Defendant

## **CERTIFICATE OF SERVICE**

      I, C. Joseph Cordi, Jr., Associate General Counsel for the University of Arkansas, do hereby certify that on this 14th day of January, 2022, I mailed the foregoing document by United States Postal Service, postage prepaid, to the Plaintiff at the following address:

7 N Waterloo Rd #254
Devon, PA 19333

                                                 /s/ C. Joseph Cordi, Jr.