UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOAN DOE                                                                                               PLAINTIFF

v.                                                 No. 5:21-CV-05231

UNIVERSITY OF ARKANSAS - FAYETTEVILLE                                    DEFENDANT

## OPINION AND ORDER

Before the Court is Plaintiff's amended motion (Doc. 13) for preliminary injunction and temporary restraining order ("TRO") and brief (Doc. 14) in support. Defendant has not filed a response, but no response is necessary. The motion will be DENIED IN PART.

Plaintiff is a third-year law student at the University of Arkansas School of Law. Following purported disciplinary infractions, Plaintiff was suspended from the University of Arkansas until Fall 2022. Plaintiff seeks both a TRO and preliminary injunction allowing her to enroll in law school classes and obtain the credits needed to complete her law education, citing "irreparable injury of improper denial of access to another semester of law school before the Court may hold a hearing on the merits of the preliminary injunctive relief sought." (Doc. 13, p. 1, ¶ 1).

Under Federal Rule of Civil Procedure 65(b)(1)

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

To begin, Plaintiff has not presented the Court with any facts regarding whether she attempted to give notice of the motion for TRO to Defendant, nor does she cite any reasons why notice is not required in this case. However, when Defendant entered its notice of appearance it was provided with the requisite notice. Therefore, because notice has been given a TRO is not the proper remedy

and the motion for TRO will be denied.

Turning to the motion for a preliminary injunction, under Rule 65(a)(1), "[t]he court may issue a preliminary injunction only on notice to the adverse party." "The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70*, 415 U.S. 423, 433 n.7 (1974) (citing *Sims v. Greene*, 161 F.2d 87 (3d. Cir. 1947)).

Defendant thus far has not had adequate time to respond to the motion for preliminary injunction, and assuming for the sake of argument that waiting until Fall 2022 to complete a final semester is an irreparable injury, no facts before the Court demonstrate that a delay in beginning the semester is equivalent to loss of a whole semester. The Court will defer its ruling on the motion for preliminary injunction until Defendant has had the opportunity to be heard on the matter.

Separately, the Court notes Defendant has filed a motion (Doc. 11) to dismiss and brief in support (Doc. 12) which states, among other reasons, that under Arkansas law and Eighth Circuit precedent this lawsuit should be dismissed because University of Arkansas – Fayetteville is not an entity which may be sued. The Court is inclined to grant the motion to dismiss, noting that the Board of Trustees of the University of Arkansas appears to be the proper party to be sued. *See* Fed. R. Civ. P. 17(b); Ark. Code Ann. § 6-64-202 (establishing the Board of Trustees as a corporate body); *Assaad-Faltas v. Univ. of Ark. for Med. Scis.*, 708 F. Supp. 1026, 1029 (E.D. Ark. 1989) (holding that University of Arkansas for Medical Sciences "is not a separate institution or a corporate body which has the capacity to sue or be sued").

Plaintiff is proceeding pro se, however, and her pleadings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Accordingly, Plaintiff should be permitted to amend before dismissal on this basis. Pursuant to Federal Rule of Civil Procedure 15, Plaintiff may amend her complaint once as a matter of course within 21 days of service of the motion to dismiss. Plaintiff should thus ensure that the proper defendant is named within that time and should serve summons on any newly named defendant unless counsel for Defendant will agree to accept service on behalf of the Board of Trustees in order to expedite resolution of the merits of these motions.

Though Plaintiff has provisionally been permitted to proceed under a pseudonym (Doc. 6), the Court has had to seal several documents filed by Plaintiff which reveal her true name. The Court cautions Plaintiff that it will no longer review filings to protect Plaintiff's identity, and should Plaintiff file another document which uses her true name as opposed to her pseudonym her motion (Doc. 2) to proceed under a pseudonym will be denied as mooted before the proper Defendants even file a response. Should Plaintiff choose to file an amended complaint, she should redact her identifying information from the complaint and any exhibits and file an unredacted copy of the complaint and exhibits under seal, to be maintained by the Clerk with access restricted to the Court and parties.

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 13) for a temporary restraining order and preliminary injunction is DENIED IN PART. A ruling on Plaintiff's motion for a preliminary injunction will be deferred until the proper Defendants have had the opportunity to respond.

IT IS SO ORDERED this 18th day of January, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE