UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOAN DOE                                                                              PLAINTIFF

v.                                        No. 5:21-CV-05231

UNIVERSITY OF ARKANSAS - FAYETTEVILLE                               DEFENDANT

## OPINION AND ORDER

Before the Court is Plaintiff's motion (Doc. 16) for reconsideration of the Court's order denying Plaintiff's motion for a temporary restraining order ("TRO") and deferring ruling on Plaintiff's motion for preliminary injunction.  Plaintiff also filed a motion (Doc. 17) for reconsideration of the Court's "inclination" to grant Defendant's motion (Doc. 11) to dismiss and for leave to amend Defendant's name, as well as a motion (Doc. 18) requesting the Court waive service on behalf of Defendant.  Plaintiff's motions will be denied.

Motions to reconsider are not mentioned in the Federal Rules of Civil Procedure, so "[f]ederal courts have construed this type of motion as arising under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment, order, or proceeding)." *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988).  Rule 59(e) motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).  A rule 60(b) motion "is not a vehicle for simple reargument on the merits," *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).  Rule 60(b) motions require the moving party to demonstrate "exceptional circumstances" which warrant reconsideration.  *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001).

Plaintiff presents no newly discovered evidence or exceptional circumstances which warrant reconsideration in her motion (Doc. 16) for reconsideration of the Court's order denying

a TRO and deferring ruling on a preliminary induction.  The exhibits Plaintiff primarily relies on in her motion are letters from her doctor which state Plaintiff should be allowed to enroll in classes. These letters were attached as exhibits to Plaintiff's original motion and were available to the Court when it made its ruling on Plaintiff's motion for a TRO and preliminary injunction.  The motion to reconsider (Doc. 16) will be denied.

Plaintiff's second motion (Doc. 17) for reconsideration asks the Court to reconsider the Court's "inclination to grant Defendant's motion to dismiss." (Doc. 17, p. 1).  The basis for this motion is the Court's opinion and order which states "[t]he Court is inclined to grant the motion to dismiss, noting that the Board of Trustees of the University of Arkansas appears to be the proper party to be sued." (Doc. 15, p. 2).  This statement was included to caution Plaintiff, a pro se litigant, that failure to name and serve the proper defendant in this action will likely lead to dismissal of the case.  Because the Court's statement is not a ruling on Defendant's motion to dismiss, there is no basis for Plaintiff's second motion for reconsideration.  If she chooses not to amend her complaint to name the Board of Trustees rather than the University, Plaintiff's proper course of action is to file a response to Defendant's motion to dismiss arguing in full, preferably with citations to the law, why the motion should be denied.[1]  Therefore, Plaintiff's second motion for reconsideration will be denied.

Plaintiff's second motion for reconsideration also requests leave to amend Defendant's name.  The motion will be denied because Plaintiff can amend her complaint without leave of Court.  Under Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend its pleading once as a matter of course (that is, without requesting leave of court or consent from the opposing party)

---

[1] Plaintiff is reminded of Local Rule 7.2, which states she has 14 days from the date of service of copies of Defendant's motion to respond.

"21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Defendant has not filed a responsive pleading in this case but did file a 12(b) motion on January 14, 2022.  The deadline for Plaintiff to amend her complaint pursuant to Rule 15(a)(1)(B) is February 4, 2021.[2]  The Court cautions Plaintiff, however, that simply adding the phrase "et. al" to the end of a defendant's name in a complaint is insufficient to properly name and provide notice to parties which have not been served and named.  Under Federal Rule of Civil Procedure 10(a), "[t]he title of the complaint must name all the parties" and only after this complaint is filed may a phrase such as "et. al" be used to refer generally to other parties.  If Plaintiff wishes to add any new defendant by amending her complaint, she must name the defendant in the amended complaint and serve the newly named defendant with a summons and a copy of the complaint as required by Federal Rules of Civil Procedure 4 and 5.  The Court notes that the names of the members of the Board of Trustees are readily available on the Internet.

Finally, Plaintiff filed a motion (Doc. 18) requesting the Court waive service on behalf of the defendant.  The motion will be denied because the Court has no power to grant the relief requested.  Under Federal Rule of Civil Procedure 4(d) only the defendant may waive service of a summons.  If Plaintiff wishes to request such a waiver from the presently named Defendant or any newly named defendant, she must look to Rule 4(d) and comply with all requirements of the Rule in making such request.

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 16) reconsideration is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 17) for reconsideration and

---

[2] If Plaintiff fails to file an amended complaint by February 4, 2021, she must either obtain the opposing party's written consent or file a motion to file an amended complaint.

motion for leave to amend Defendant's name is DENIED without prejudice to Plaintiff filing an amended complaint under Rule 15(a)(1)(B).  Plaintiff's motion for leave to amend is denied without prejudice as stated herein.

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 18) for waiver of service is DENIED.

IT IS SO ORDERED this 24th day of January, 2022.

*/s/ P. K. Holmes,* **III**

P.K. HOLMES, III
U.S. DISTRICT JUDGE