UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOAN DOE                                                                                                    PLAINTIFF

v.                                          No. 5:21-CV-05231

UNIVERSITY OF ARKANSAS –
FAYETTEVILLE et. al                                                                                         DEFENDANTS

**OPINION AND ORDER**

Before the Court are three motions. Defendants University of Arkansas – Fayetteville, University of Arkansas School of Law, Board of Trustees for the University of Arkansas, and Donald Bobbitt as President and CEO for the University of Arkansas System (the "University Defendants") filed a motion (Doc. 33) to dismiss and brief in support (Doc. 35), to which Plaintiff Joan Doe filed a response in opposition (Doc. 39). Defendants Arkansas Board of Higher Education and Arkansas Board of Law Examiners (the "State Defendants") filed a separate motion (Doc. 36) to dismiss and brief in support (Doc. 37). Plaintiff filed a response in opposition (Doc. 39). Plaintiff has also filed a motion (Doc. 44) for leave to file a second amended complaint, to which the State Defendants filed a response (Doc. 45).[1] For the reasons stated below, the University Defendants' and the State Defendants' motions will be GRANTED, and Plaintiff's motion will be DENIED.

**I.    Background**

Plaintiff is a third-year law student at the University of Arkansas. In the Fall of 2021,

---

[1] Plaintiff also filed a motion (Doc. 43) for extension of time to amend her amended complaint. Plaintiff, however, had not requested leave to file a second amended complaint prior to the filing of this motion. The Court construes Plaintiff's motion (Doc. 43) as a motion for extension of time to file a motion for leave to file a second amended complaint. However, because Plaintiff timely filed a motion (Doc. 44) for leave to file a second amended complaint, the Court will dismiss Plaintiff's motion (Doc. 43) for extension of time as MOOT.

1

Plaintiff alleges that she made written reports to law school faculty of "pervasive harassment and intrusion she experienced both on and off Defendant's grounds." (Doc. 26, p. 3, ¶ 7). Plaintiff alleges she experienced destruction of personal property, acts of intimidation and annoyance, hacking of computers and phones, hacking of financial accounts, electrocution and invasive use of unidentified weapons, sound harassment, temperature harassment through the use of heating devices to cause extreme discomfort, vehicular group stalking, and sleep deprivation. *Id.* at p. 8, ¶ 24. Plaintiff reported to law school professors that she was unable to complete assignments on time due to this alleged harassment. After these reports, law school administration contacted Plaintiff to inform her that, based on conversations with professors, Plaintiff's inability to prepare for class, and her affected academic performance, law school administration had concerns regarding its ability to certify Plaintiff's character and fitness for any future bar examination application. Plaintiff was instructed to contact the Arkansas Judges and Lawyer's Advocacy Program ("JLAP") to discuss counseling option, undergo a psychiatric evaluation, and provide the law school with the results. Plaintiff was suspended when she refused to release the results of this evaluation to law school administrators and for two other violations of the University of Arkansas code of conduct.[2]

After her suspension, Plaintiff filed the instant action initially against only Defendant University of Arkansas – Fayetteville, alleging multiple violations of state and federal law. On February 7, 2022, Plaintiff was granted leave to amend her complaint (Doc. 25). In her amended complaint, Plaintiff added as parties Defendants University of Arkansas School of Law, Board of Trustees for the University of Arkansas, Donald Bobbitt, the Arkansas Board of Higher Education,

---

[2] These additional violations were Plaintiff's bringing of her dog onto law school grounds without prior approval and allegedly allowing her dog to defecate in the law school and failing to clean up said defecation.

2

and the Arkansas Board of Law Examiners, and she alleged violations of the Americans with Disabilities Act ("ADA"), Family Educational Rights and Privacy Act ("FERPA"), 42 U.S.C. § 12203 ultra vires acts of retaliation and coercion, the Arkansas Administrative Procedures Act, the First Amendment freedom of association, constitutional prohibition of ex post facto laws, unconstitutional restriction of interstate commerce and private sector commercial activity, the Fourth Amendment protection against warrantless searches and seizures, and various violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment.  Plaintiff also pleads as causes of action that Arkansas Supreme Court Rule XV, which governs student lawyer practice, violates the Fourteenth Amendment Due Process and Equal Protection Clauses and that Arkansas's treatment and classification of state agencies violates Due Process.

After the filing of her amended complaint (Doc. 26), Plaintiff received a completed waiver of service form from the University Defendants.  Plaintiff has however refused to file the waiver of service "because acceptance thereof extends the time for response."  (Doc. 39, p. 4, ¶ 8). Plaintiff attempted to serve the amended complaint on the University Defendants by emailing the amended complaint to the University Defendants' counsel of record, but has taken no other steps to serve the amended complaint on the University Defendants.

The University Defendants argue Plaintiff's amended complaint should be dismissed for insufficient service of process.  The State Defendants argue for dismissal based on sovereign immunity, failure to state a case or controversy, and failure to state a claim.  Plaintiff opposes both motions to dismiss on all grounds and filed her motion (Doc. 44) to file a second amended complaint.

## II.     Legal Standard

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the

3

non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Those alleged facts must be specific enough "to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555. Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.*

**III.   Discussion**

    **A.   The University Defendants' Motion to Dismiss**

The University Defendants filed their motion to dismiss based on insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). Plaintiff argues the amended complaint is not a case initiating document and therefore can be served by emailing a copy of the amended complaint to the University Defendants' counsel of record.

"The [University of Arkansas] Board of Trustees is denominated a public agency of the State, the University [of Arkansas] is referred to as an instrument of the state in the performance of a governmental work, and a suit against the University [of Arkansas] is a suit against the State." *State of Ark. v. State of Tex.*, 346 U.S. 368, 370 (1953). Therefore, service upon the University

Defendants must be completed pursuant to Federal Rule of Civil Procedure 4(j), which provides that service may be made upon a state or local government by "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  In an order filed January 24, 2022, the Court instructed Plaintiff that if she "wishe[d] to add any new defendant by amending her complaint, she must name the defendant in the amended complaint and serve the newly named defendant with a summons and a copy of the complaint as required by Federal Rules of Civil Procedure 4 and 5."  (Doc. 19, p. 3).

The University Defendants' motion to dismiss and accompanying exhibits detail how on February 5, 2022, Plaintiff requested waiver of service on behalf of the University Defendants, which the University Defendants completed and returned to Plaintiff on February 8.  Plaintiff does not dispute this, but instead states she "declined University Defendants' waiver of service because acceptance thereof extends the time for response." (Doc. 39, p. 4, ¶ 8).  On February 11, 2022, Plaintiff filed a purported certificate of service (Doc. 31) which represents that a copy of the amended complaint, accompanying exhibits, and summons were emailed to the University Defendants' and State Defendants' counsel of record.  The Court notes no summons was ever issued by the Clerk of Court as to Defendant University of Arkansas School of Law, Defendant Board of Trustees of the University of Arkansas, or Defendant Donald Bobbitt.

Before Plaintiff filed her amended complaint, the only named defendant in this action was Defendant University of Arkansas – Fayetteville.  However, as the Court indicated to Plaintiff in a prior order, because the University of Arkansas – Fayetteville "is the name of a campus which is a part of the University of Arkansas, an institution of higher education established under Arkansas law," it "is not a separate institution or a corporate body which has the capacity to sue

5

or be sued." *Assaad-Faltas v. Univ. of Ark. for Med. Scis.*, 708 F. Supp. 1026, 1029 (E.D. Ark. 1989); (Doc. 15, p. 2); Fed. R. Civ. P. 17(b).  Therefore, all claims against Defendant University of Arkansas – Fayetteville will be dismissed with prejudice.

In its prior order the Court noted to Plaintiff "that the Board of Trustees of the University of Arkansas appears to be the proper party to be sued" and instructed Plaintiff that she may amend her complaint and must serve summons on any newly named defendant.  (Doc. 15, p. 2-3). Subsequently, Plaintiff filed an amended complaint naming as new defendants the University of Arkansas School of Law, the Board of Trustees for the University of Arkansas, and Donald Bobbitt as CEO for the University of Arkansas System.  No summons was ever issued for these newly named defendants despite a second instruction from the Court that any newly named defendant must be served "with a summons and a copy of the complaint as required by Federal Rules of Civil Procedure 4 and 5."  (Doc. 19, p. 3).  Instead, Plaintiff emailed a copy of the amended complaint to counsel for the University Defendants, which is insufficient service under both Federal Rule of Civil Procedure 4(j) and Arkansas law. Ark. R. Civ. P. 4(f)(12), (g).  Plaintiff has therefore failed to sufficiently serve process upon Defendants University of Arkansas School of Law, the Board of Trustees for the University of Arkansas, and Donald Bobbitt and she has refused to file the completed waiver of service form provided to her by the University Defendants.  Therefore, her claims against the Defendants University of Arkansas School of Law, the Board of Trustees for the University of Arkansas, and Donald Bobbitt will be dismissed without prejudice for insufficient service of process.

### B. The State Defendants' Motion to Dismiss

Article III of the United States Constitution confers jurisdiction in federal courts over cases and controversies.  U.S. Const., Art. III, § 2.  An actual controversy does not exist when issues are

not live "or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). In order to meet the case-or-controversy requirement, a plaintiff must have standing to bring any claim asserted. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The party invoking federal jurisdiction bears the burden of establishing the three elements of standing: (1) injury in fact which is both concrete and particularized and actual or imminent, as opposed to conjectural or hypothetical; (2) an injury which is "fairly traceable to the challenged action of the defendant"; and (3) redressability. *Id.* at 560-61 (internal quotations and citations omitted). Additionally, under the ripeness doctrine, "[a] claim resting upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all,' is not fit for adjudication." *Texas v. United States*, 523 U.S. 296, 296 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985)).

### 1. Vicarious Liability Under an Agency Theory

A majority of Plaintiff's claims against the State Defendants rest on a theory that the State Defendants are liable via agency for any unlawful acts of the University Defendants.[3] (*See, e.g.*, Doc. 42 pp. 7-8, ¶¶ 15-18). Indeed, Plaintiff's claims for violations of FERPA, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, 42 U.S.C. § 12203 ultra vires acts of retaliation and coercion, the Arkansas Administrative Procedures Act, the First Amendment freedom of association, constitutional prohibition of ex post facto laws, and Fourth Amendment protection against warrantless searches and seizures are based entirely on the alleged actions of

---

[3] Plaintiff concedes that her amended complaint is unclear as to which claims are brought against the State Defendants and says that she will request leave of Court to file a second amended complaint to clarify that all claims alleged are brought against the State Defendants. (Doc. 42, pp. 12-13, ¶ 28). Plaintiff subsequently filed a motion (Doc. 44) for leave to file a second amended complaint which will be address in Part C. For purposes of this Order, the Court will address Plaintiff's claims as if all claims are alleged against the State Defendants.

the University Defendants.[4]  Thus, absent an agency relationship, the State Defendants cannot be plausibly said to be liable for these claims.

Under Arkansas law, "[t]he burden of proving an agency relationship lies with the party asserting its existence." *Taylor v. Gill*, 934 S.W.2d 919, 921 (Ark. 1996) (quoting *Pledger v. Troll Book Clubs, Inc.*, S.W.2d 389, 392 (Ark. 1994)).  "[T]he two essential elements of an agency relationship are (1) that an agent have the authority to act for the principal and (2) that the agent act on the principal's behalf and be subject to the principal's control." *Id.*

Here, it cannot be plausibly stated that, based on the facts alleged in Plaintiff's amended complaint, an agency relationship existed between the State Defendants and University Defendants.  Beginning with Defendant Arkansas Board of Law Examiners, no facts have been pled establishing that Defendant Arkansas Board of Law Examiners had any control over the University Defendants.  *See Evans v. White*, 682 S.W.2d 733, 734 (Ark. 1985) ("[T]he relation of agency is created as the result of conduct by two parties manifesting that one of them is willing for the other to act for him *subject to his control*, and that the other consents so to act." (emphasis added)).  Though Plaintiff argues Defendant Arkansas Board of Law Examiners had control over the University Defendants because law school administration informed Plaintiff she was being required to undergo mental health evaluation because of the law school's purported need to certify her character and fitness for future bar application, no facts have been pled establishing Defendant Arkansas Board of Law Examiners required the law school to conduct a mental health evaluation of students, controlled the policy by which these mental health evaluations were ordered and conducted, nor that the University Defendants in any way "had authority to act for [Defendant

---

[4] For clarity, these listed claims are designated as Counts 2, 3, 4, 5, 6, 7, 8, and 12 in Plaintiff's amended complaint.

Arkansas Board of Law Examiners].*"* *Taylor*, 934 S.W.2d at 921.

Additionally, under the facts alleged in the amended complaint, Defendant Arkansas Board of Higher Education also did not have an agency relationship with the University Defendants such that it was a principal of the University Defendants and is liable for any and all acts of the University Defendants. No facts have been pled establishing that the Arkansas Board of Higher Education had any control over the policies of the University Defendants or in any way controlled when and how mental health evaluations were ordered by the University Defendants. It cannot be plausibly stated that the University Defendants acted on behalf of Defendant Arkansas Board of Higher Education and was subject to its control in regard to the allegedly illegal acts pled in this case. Because it has not been plausibly alleged that an agency relationship existed between the State Defendants and University Defendants, the State Defendants cannot be held liable for the acts of the University Defendants and the above listed causes of action[5] will be dismissed without prejudice as to the State Defendants.

### 2. Claims for Liability Independent of Actions of the University Defendants

This leaves remaining Plaintiff's claims for violation of the ADA, unconstitutional restriction of interstate commerce and private sector commercial activity, Plaintiff's claim that Arkansas Supreme Court Rule XV, which governs student lawyer practice, violates the Fourteenth Amendment's Due Process and Equal Protection Clauses, and Plaintiff's claim that Arkansas's treatment and classification of state agencies violates the Due Process Clause.[6]

Under the facts pled in the amended complaint, Plaintiff lacks standing to bring these claims. To begin, to the extent Plaintiff's claims under the ADA could be construed as alleging

---

[5] Counts 2, 3, 4, 5, 6, 7, 8, and 12 of the amended complaint.
[6] Counts 1, 9, 10, and 11 of the amended complaint.

9

that Defendant Arkansas Board of Law Examiner's requirements for admission to the Arkansas bar discriminate against individuals with mental health disabilities in violation of the ADA, Plaintiff has never applied for admission to the Arkansas bar. Therefore, her claim that she will be discriminated against and denied admittance pleads an injury that is not actual or imminent but is instead "conjectural or hypothetical." *Lujan*, 504 U.S. at 560. Therefore, Plaintiff does not have standing to bring this claim. Additionally, any claim under the ADA "rest[s] upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all,'" and are unripe for adjudication. *Texas*, 523 U.S. at 296 (quoting *Thomas*, 473 U.S. at 580-81). Therefore, Plaintiff's claims under the ADA will be dismissed.

Moving to Plaintiff's claims for unconstitutional restriction of interstate commerce and private sector commercial activity, Plaintiff's claims, while unartfully pled, may be construed as alleging that Defendant Arkansas Board of Law Examiner's character and fitness requirements restrict interstate commerce by "restricting admission to other state's bars," (Doc. 26, p. 40, ¶ 146), and violate the Privileges and Immunities Clause by barring people who fail the character and fitness evaluation from practicing law. However, because Plaintiff has never sought admission to any state's bar and has not been barred from practicing law in any state, any claim proceeding under this theory is unripe, and Plaintiff lacks standing for this hypothetical injury.

Regarding Plaintiff's claim that Arkansas Bar Admission Rule XV, which governs student practice, violates the United States Constitution, Plaintiff once again fails to plead facts which sufficiently demonstrate standing. She has not pleaded that she ever applied for or was denied authorization to engage in student practice pursuant to Rule XV. In a sworn affidavit Nancie Givens, Executive Director for the Arkansas Board of Law Examiners, affirmatively stated Plaintiff had never filed for Rule XV certification. (Doc. 38, p. 2, ¶ 9). As such, Plaintiff does not

have "a personal stake in the outcome of the controversy" and does not have standing to bring any claim regarding Rule XV. *Glickert v. Loop Trolley Transp. Dev. Dist.*, 792 F.3d 876, 881 (8th Cir. 2015) (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)).

Finally, as to Plaintiff's claim that Arkansas's treatment and classification of state agencies violates Due Process, Plaintiff once again does not have standing to bring such a claim. No order this Court could issue against any named defendant will affect how Arkansas classifies its state agencies or interprets its agency law. Therefore, the Plaintiff has failed to establish redressability, an "'irreducible' component of standing." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801 (2021) ("Because redressability is an "'irreducible'" component of standing, no federal court has jurisdiction to enter a judgment unless it provides a remedy that can redress the plaintiff's injury." (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016))).

Additionally, any unlawful interpretation or implementation of Arkansas agency law is not "fairly traceable to the challenged action of [any named] defendant," but is instead "the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560-61 (1992) (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41-42, (1976)) (alterations adopted). Therefore, this claim will be dismissed for lack of standing.

### C. Plaintiff's Motion to File a Second Amended Complaint

Plaintiff filed a motion (Doc. 44) for leave to file a second amended complaint. Rule 15(a)(2) requires that the Court freely grant leave to file an amended complaint when justice so requires. However, the Court may deny leave if amendment would be futile. *Geier v. Mo. Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013) (citing *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 358 (8th Cir. 2011)).

Plaintiff wishes to amend her complaint to clarify that all claims asserted in her amended

11

complaint are alleged against both the University Defendants and State Defendants. (Doc. 42, p. 12-13, ¶ 28); (Doc. 44, pp. 1-2, ¶¶ 1-2). However, as established in Part B, any such amendment would be futile because no claims alleged in the amended complaint can survive a motion to dismiss when alleged against the State Defendants.

Plaintiff also wishes to add the State of Arkansas as a named defendant. However, just as the State Defendants cannot be held liable under an agency theory for the actions of the University Defendants, neither can the State of Arkansas be held liable. Further, adding the State of Arkansas as a defendant will not remedy Plaintiff's lack of standing to bring her claims for violation of the ADA, unconstitutional restriction of interstate commerce and private sector commercial activity, and her claim that Arkansas Supreme Court Rule XV violates the Fourteenth Amendment's Due Process and Equal Protection Clauses.

Though naming the State of Arkansas may hypothetically address the redressability issue identified in regard to Plaintiff's claim that Arkansas's treatment and classification of state agencies violates the Due Process Clause, Plaintiff fails to plead an injury which is more than "a generalized grievance[] about the conduct of government." *Flast v. Cohen*, 392 U.S. 83, 106 (1968); *see also Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 475-86 (1982) (noting that "the Court has refrained from adjudicating abstract questions of wide public significance which amount to generalized grievances, pervasively shared and most appropriately addressed in the representative branches" and holding that such allegations, absent personal injury suffered as a consequence of the alleged constitutional error "is not an injury sufficient to confer standing under Art. III, even though the disagreement is phrased in constitutional terms" (quotations omitted)). Therefore, adding the State of Arkansas as a named Defendant will not remedy Plaintiff's lack of standing to bring the claims she asserts, and any

amendment adding the State of Arkansas as a named defendant would be futile. Plaintiff's motion for leave will be denied.

**IV. Conclusion**

IT IS THEREFORE ORDERED that the University Defendants' motion (Doc. 33) to dismiss is GRANTED. Plaintiff's claims against Defendant University of Arkansas – Fayetteville are DISMISSED WITH PREJUDICE. Plaintiff's claims against Defendant University of Arkansas School of Law, Defendant Board of Trustees for the University of Arkansas, and Defendant Donald Bobbitt are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the State Defendants' motion (Doc. 36) to dismiss is GRANTED and Plaintiff's claims against the State Defendants are DISMISSED WITHOUT PREJUDICE.

IT IS FUTHER ORDRED that Plaintiff's motion (Doc. 43) for extension of time is dismissed as MOOT.

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 44) to file a second amended complaint is DENIED. Judgment will be entered separately.

IT IS SO ORDERED this 28th day of March, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE