UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOAN DOE                                                                                                     PLAINTIFF

v.                                        No. 5:21-CV-05231

UNIVERSITY OF ARKANSAS –
FAYETTEVILLE et al.                                                                DEFENDANTS

**OPINION AND ORDER**

Before the Court is Plaintiff's motion (Doc. 48) to amend or alter judgment as to Defendants University of Arkansas – Fayetteville, University of Arkansas School of Law, Board of Trustees of the University of Arkansas, and Donald Bobbitt as President and CEO of the University of Arkansas System (the "University Defendants"). The University Defendants filed a response in opposition (Doc. 49). The motion will be denied.

Plaintiff's motion stems from the Court's March 28, 2022 opinion and order (Doc. 46) granting the University Defendants' motion (Doc. 33) to dismiss. After finding that Defendant University of Arkansas – Fayetteville did not have capacity to be sued, and the remaining University Defendants had not been properly served with process despite two prior instructions from the Court to Plaintiff on what is required to serve a defendant, the Court dismissed the claims against University of Arkansas – Fayetteville with prejudice for lack of capacity and dismissed without prejudice the claims against the remaining University Defendants for insufficient service of process.[1] Plaintiff argues the Court erred in its opinion because the University Defendants were properly served, Defendant University of Arkansas School of Law is subject to suit, and she additionally points to an error by the Clerk of Court in failing to issue a summons to counsel for

---

[1] The Court's complete analysis and background information can be found in the opinion and order (Doc. 46).

1

the University Defendants.

Plaintiff brings her motion under Federal Rules of Civil Procedure 59(e) and 60(b). "Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citing *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988)).

Plaintiff's motion does not provide any persuasive argument, precedent, or citations to the record to demonstrate the Court has committed a manifest error of law or fact, nor does Plaintiff present newly discovered evidence such that would have affected the Court's judgment. Plaintiff's motion largely restates the arguments presented in Plaintiff's original briefing as to why service of process was proper and cites no new case law to support the proposition that the Court's order was in any way in error. Additionally, Plaintiff reargues that Defendant University of Arkansas – Fayetteville may be sued under the Americans with Disabilities Act. The Court adheres to its previous ruling which fully addressed the arguments Plaintiff makes in her present motion, and therefore finds there has been no manifest error of law or fact.

Additionally, Plaintiff has presented no new evidence such that would change the outcome of the Court's ruling. *See Briscoe v. City of St. Louis*, 690 F.3d 1004, 1015-16 (8th Cir. 2012) (on a Rule 59(e) motion, any newly discovered evidence must "probably produce a different outcome"). Plaintiff has provided one email exchange between herself and the Clerk's office dated after the Court's order, in which the Clerk's office confirms it failed to issue a summons to Joe Cordi, counsel for the University Defendants, despite Plaintiff's summons request for Mr. Cordi. (*see* Doc. 48-6, p. 5). However, this email exchange changes nothing because, as explained in this Court's previous opinion and order, sending a summons to counsel for the University Defendants

2

is insufficient service under the Federal Rules and Arkansas law. (See Doc. 46, p. 6). Though Mr. Cordi conditionally agreed to accept service on behalf of the University Defendants in response to Plaintiff's request for waiver of service, (*see* Doc. 48-5, p. 1), Plaintiff failed to file that waiver as required by Federal Rule of Civil Procedure 4(d)(4). Plaintiff knowingly did not file the summons because it would extend the time for the University Defendants to file an answer to 60 days. Mr. Cordi never agreed to accept service outside of the limited context of a waiver of service. Because Plaintiff has not presented any evidence to demonstrate that Mr. Cordi was designated by appointment to accept service on behalf of the University Defendants, even had the summons issued and been served on Mr. Cordi it would have been insufficient to effect service under the Federal Rules or Arkansas law. *See* Ark. R. Civ. P. 4(f)(12); Fed. R. Civ. P. 4(j). Additionally, as outlined in the Court's previous order, Plaintiff did not properly serve the amended complaint upon the University Defendants. (Doc. 46, p. 6). Thus, even had Plaintiff requested summons for the University Defendants, instead of Mr. Cordi, no defendants were served the amended complaint. Therefore, no new evidence has been presented to persuade the Court that it must alter or amend its judgment under Rule 59(e).

Federal Rule of Civil Procedure 60(b) provides a list of circumstances under which a party may be relieved from a final judgment, order, or proceeding, including mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party, or; "any other reason that justifies relief." The Eighth Circuit has recognized that Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986). It is important to note, however, that a Rule 60(b) motion "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). Plaintiff's motion does

not present argument that would allow the Court to find any of the Rule 60(b) circumstances present, therefore, the motion will be denied.

Finally, Plaintiff requests extension of time to serve the University Defendants under Federal Rule of Civil Procedure 4(m).  Rule 4(m) instructs that if a defendant is not served within 90 days the Court must dismiss the action without prejudice as to the unserved defendant, "[b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  "To warrant a discretionary extension, the plaintiff must establish excusable neglect." *Kurka v. Iowa City*, 628 F.3d 953, 957 (8th Cir. 2010).  To begin, because 90 days have not passed from the filing of the amended complaint, Rule 4(m) is inapplicable.  The Court has however already entered judgment in this case.  As such, the case is closed, and the Plaintiff will not be granted an extension under Rule 4(m) to serve any defendant.

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 48) to amend or alter judgment is DENIED.

IT IS SO ORDERED this 21st day of April, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE