IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| Joan Doe<br>PLAINTIFF<br><br>v.<br><br>The University of Arkansas School of Law, The Board of Trustees for The University of Arkansas in their Official Capacity, Pres. And CEO Donald Bobbitt, The Arkansas Board of Law Examiners in their Official Capacity, and the Arkansas Board of Higher Education in their Official Capacity<br>DEFENDANT(S) | Civil Case No. 5:2021-cv-05231 |

## MOTION FOR RELIEF

1. Plaintiff thanks the Court for its Order in response to the motion to amend the judgment.

2. Pursuant to that Order, Plaintiff perfected service on University defendants by mailing a copy of the complaint to University President and CEO Mr. Donald Bobbitt on May 6, 2022, which is within 90 days of filing the amended complaint (**Doc. 26**) with this Court. **Ex. 55**. Plaintiff apologizes and offers the discussion below both as argument in support of this motion and as explanation.

3. Plaintiff now brings this motion to reopen the case under Federal Rule of Civil Procedure 60(b) which allows relief from an order or final judgment upon an "adequate showing of exceptional circumstances" including mistake, inadvertence, newly discovered evidence, excusable neglect. *United States v. Young*, 806 F.2d 805, 806 (8th

Cir. 1986). The exceptional circumstances here include mistake, inadvertence, and excusable neglect. For these reasons which are discussed below and supported by evidence newly shared with the Court, Plaintiff requests the Court reopen the case.

4. Plaintiff did not previously use registered mail to serve the newly named University defendants because: (1) Plaintiff believed the change corrected a misnamed University defendant; (2) Plaintiff believed the use of electronic service for a non-case initiating document to be proper; and, (3) Plaintiff sought to avoid unnecessary expense.

5. Plaintiff's initial complaint contained a typo rendering the defendant party as Defendant of Arkansas. When correcting the error, Plaintiff relied upon Federal Rule of Civil procedure No. 15, Amended and Supplemental Pleadings, to identify how the change would be treated. *Fed. R. of Civ. Proc. 15(c)(1)(C)(ii)*. Because the correction asserted no new claims but rather asserted claims the University Defendants "knew or should have known" "would be brought against it, but for a mistake concerning the proper party's identity" Plaintiff understood the change in the name of the University Defendant as a mere typographical correction or elaboration. *See Fed. R. of Civ. Proc. 15(c)(1)(C)(ii) (addressing directly the matter of relation back of claims but on point for evaluating whether a new defendant is named or new claims are asserted).*

6. Plaintiff believed using electronic means to serve the amended complaint upon University defendants was proper partly because the Clerk declined to file the Civil Cover Sheet plaintiff provided with the filing of the amended complaint (**Ex. 51**) and because of Federal Rule of Civil Procedure 5(b)(2)(E). Though Plaintiff does not use the Court's electronic-filing system, the Clerk uses it to inform the attorneys of record of all documents Plaintiff files. And Plaintiff sent a copy of the complaint to Mr. Donald

|     |     |
| --- | --- |
|     | Bobbitt using his University email address. (**Ex. 50**). That the email used for Mr. Bobbitt is proper is affirmed by the response Plaintiff received to the email sent to Mr. Bobbitt, on which he is copied. (**Ex. 54**). |
| 7.  | Plaintiff sought to avoid the expense of a second round of service of process on University Defendants. Plaintiff incurred this expense to initially serve University Defendants on Dec. 26., and to serve State Defendants on Feb. 28, 2022. (**Ex. 53**). |
| 8.  | Your Honor's recent order (**Doc. 50**) states that Plaintiff did not present evidence to demonstrate that Mr. Cordi is designated by appointment to accept service on behalf of the University Defendants. Plaintiff omitted this evidence due to belief that the evidence demonstrating Mr. Cordi's designated appointment to accept service on behalf of the University Defendants is a matter of fact because: (a) Mr. Cordi's role as a de facto registered agent for the University is well documented in public record, and (b) the Arkansas Model Registered Agents Act provides for de facto designation when a formal registered agent filing is unavailable. Your Honor authored the opinion in case no. 5:18-CV-05182, *John Doe v. University of Arkansas-Fayetteville, et. al.*, wherein Mr. C. Joseph Cordi was lead counsel for the University of Arkansas. The Arkansas Model Registered Agents Act states that an entity that does not have a registered agent filing with the Secretary of State may be served by registered or certified mail, return receipt requested, addressed to one or more of the governors of the entity by name at its principal office. *See Ark. Model Reg. Agents Act § 4-20-113(b)*. Plaintiff is unable to find a registered agent filing for the University of Arkansas with the Secretary of State. Under the Model Registered Agents Act the term "governor" means a person by or under whose authority the powers of an entity are exercised and under whose direction |

3

      the business and affairs of the entity are managed pursuant to the organic law and organic rules of the entity. *See Ark. Model Reg. Agents Act § 4-20-102(9).* It follows that Mr. Cordi's prolific representation of the University as reflected in public legal records and his role in the General Counsel's office met the requirement for designated appointment to accept service on behalf of the University Defendants.

9. Your Honor's order (**Doc. 50**) also stated that even had Plaintiff demonstrated the Mr. Cordi's ability to accept service, the outstanding summons served thereupon would have been insufficient under the Federal Rules or Arkansas law (citing to *Ark. R. Civ. P. 4(f)(12)* and *Fed. R. Civ. P. 4(j)*). Plaintiff understands the Erie Doctrine requires deference to federal law in federal question cases unless there is no federal law addressing the issue at hand. *See Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).* Here, the Federal Rules of Civil Procedure govern and Rule 4(j) directly addresses how to serve a state government, that is, by delivering a copy of the summons and complaint to the CEO. *Fed. R. of Civ. Proc. 4(j)(2)(A).* But Federal Rule 4(j) invokes use of state law to determine how to complete service of process. *Fed. R. of Civ. Proc. 4(j)(2)(B) (". . [T]he manner prescribed by that state's law for serving a summons or like process on such a defendant.").* The Arkansas Rules of Civil Procedure recognize service of process on a state agency when delivered to ". . .any other person designated by appointment or by an applicable statute to receive service of process." *Ark. R. of Civ. Proc. 4(f)(12).* For these reasons Plaintiff determined that the University General Counsel's office, including Mr. Cordi, is an approved agent for receipt of service of process. *See Ark. Model Reg. Agents Act § 4-20-113(b).*

ACTION AND RELIEF REQUESTED

10. Plaintiff requests the Court reopen the case and have the Clerk issue the summons for the University Defendants.

11. Plaintiff requests leave to amend the complaint to reflect the changes directed in the Court's recent order. Plaintiff did not think it proper to make these changes before first obtaining relief to reopen the case and then obtaining leave to make the amendments.

Respectfully submitted this 6th day of May, 2022.

_____

Joan Doe, Plaintiff pro se
7 North Waterloo Road, #254
Devon, Pennsylvania 19333
479-372-2892

CERTIFICATE OF SERVICE

I, J. Doe, state that I have, on this 6th day of May, 2022, emailed a true and correct copy of Plaintiff's Request for Relief to Reopen the Case to the parties named herein.

Though I proceed as a pro se litigant, under Sect. 7 of Administrative Order 21, I understand registered users of the electronic system may receive service of documents electronically.

Joe Cordi, joecordi@uark.edu

Vincent France, vincent.france@arkansasag.gov

Respectfully submitted this 6th day of May, 2022.

_____

Joan Doe, Plaintiff pro se
7 North Waterloo Road, #254
Devon, Pennsylvania 19333
479-372-2892