UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOAN DOE                                                                                                    PLAINTIFF

v.                                              No. 5:21-CV-05231

UNIVERSITY OF ARKANSAS –
FAYETTEVILLE et al.                                                                            DEFENDANTS

## OPINION AND ORDER

Before the Court is Plaintiff's second motion (Doc. 51) filed pursuant to Federal Rule of Civil Procedure 60(b). Defendants have not filed a response, but no response is necessary. The motion will be denied.

On March 28, 2022, the Court entered an opinion and order (Doc. 46) granting Defendants' motion (Doc. 33) to dismiss. Plaintiff subsequently filed a motion (Doc. 48) to amend or alter judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), which the Court denied (Doc. 50) because Plaintiff did not provide the Court with any newly discovered evidence or law to convince the Court there existed a manifest error of law or fact or that she was otherwise entitled to relief under Rule 60(b).

Federal Rule of Civil Procedure 60(b) provides a list of circumstances under which a party may be relieved from a final judgment, order, or proceeding, including mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party, or; "any other reason that justifies relief." The Eighth Circuit has recognized that Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986). It is important to note, however, that a Rule 60(b) motion "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). Plaintiff's motion does

1

not present argument that would allow the Court to find any of the Rule 60(b) circumstances present. Plaintiff attempts to explain her confusion on how service of process should be completed and reargues that service upon counsel for certain Defendants, Mr. Joe Cordi, was sufficient to effect service on his clients. This argument was fully addressed in this Court's prior opinion an order, and, absent any newly discovered and previously unavailable evidence which properly supports this contention, any reargument on this point is an issue to be taken up on appeal. Plaintiff's motion will be denied.

    IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 51) is DENIED.

    IT IS SO ORDERED this 10th day of May, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE